## APPEAL OF GILCHRIST COMPANY.

Docket No. 5397.    Decided November 23, 1926.

VALUE; OPINION.—Since value implies both a purchaser and a seller, it is not enough that he who would be a seller expresses a categorical opinion as to value. *Held*, value not proven.

*Frank J. Albus, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

Deficiency of $360.05, income and profits taxes for the fiscal year ended July 31, 1920, arising from the disallowance of a deduction covering the exhaustion of leaseholds owned on March 1, 1913. At the hearing the Commissioner amended his answer so as affirmatively to allege an overstatement of invested capital. No proof, however, was offered to substantiate the allegation.

### FINDINGS OF FACT.

The petitioner conducts a department store at the corner of Washington and Winter Streets, Boston, Mass.

On March 31, 1900, the petitioner became the lessee of the premises at 417–425 Washington Street, Boston, at an annual rental of $58,626, plus the annual taxes levied against the property. On November 5, 1904, the petitioner renewed this lease for a period of fifteen years from 1910, at an annual rental of $71,000, plus annual taxes, plus 5 per cent of any assessment against the property for betterments.

On July 24, 1911, the petitioner became the lessee of the premises at 1–7 Winter Street, and 431–439 Washington Street, for a period of 30 years from the completion of the building being constructed thereon. The building was completed in October, 1912. The annual

rental was $95,000, plus 5 per cent of the cost of the building, and 5 per cent of assessments against the property for betterments, plus taxes and insurance.

On February 16, 1910, the petitioner became the lessee of the premises at 413–415 Washington Street for the period from January 1, 1910, to September 3, 1921, at an annual rental of $19,250.

The leases of November 5, 1904, and July 24, 1911, were not recorded in the office of the registry of deeds.

The above leases cover adjoining properties at the intersection of Washington and Winter Streets, an important and valuable business locality.

By March 1, 1913, the commercial value of the properties covered by these leases had been enhanced by the construction of subways, the terminals of which are close to petitioner's store, by the proposed construction of other subways, and by the erection by other merchants of large stores in the vicinity.

On August 1, 1912, the petitioner by a vote of its board of directors made an entry on its books of account setting up $150,000 as the value of its leases and making a credit to surplus of a like amount.

OPINION.

STERNHAGEN: The petitioner claims that its leaseholds were, on March 1, 1913, worth the amount of $150,000, entered upon its books in August, 1912, in excess of the value represented by the rentals and other terms of the leases. This amount it seeks to have recognized as the basis for exhaustion deductions within the taxable year. *Grosvenor Atterbury*, 1 B. T. A. 169. It has introduced in evidence the oral depositions of several witnesses who expressed their opinion that the leaseholds were of greater value on March 1, 1913, than was reflected in the rentals, and that this alleged increase in value was attributable to the completion of the subway near by, as well as the construction of large commercial buildings in the vicinity. The testimony of these witnesses is, however, not sufficient to indicate the measure of any enhancement in value which might have taken place. Their testimony indicates that their opinions were not the result of careful consideration but were mere casual expressions upon which no prospective willing purchaser would have acted on March 1, 1913. Bearing in mind that value implies both a purchaser and a seller, it is not enough that he who would be a seller expresses a categorical opinion as to value. Unless it is also shown that such an opinion represents the common point of dealing with a willing buyer, it does not prove value.

*Judgment will be entered for the Commissioner.*